**\*FOR PUBLICATION\***

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
## APPELLATE DIVISION

| | |
|---|---|
| VIRGIN ISLANDS CONSERVATION SOCIETY, INC., | ) <br> ) <br> ) D.C. CIV APP. NO. 2006/089 <br> ) Sup. CT. CIV NO. 0083/2005 |
| PETITIONER, | ) <br> ) |
| v. | ) <br> ) |
| VIRGIN ISLANDS BOARD OF LAND USE APPEALS, | ) <br> ) |
| RESPONDENT, | ) <br> ) |
| AND | ) <br> ) |
| GOLDEN RESORTS, LLP, | ) <br> ) |
| INTERVENOR. | ) <br> ) |

On Appeal from the Superior Court of the Virgin Islands

Considered: October 19, 2007
Filed: December 6, 2007

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **LEON A. KENDALL**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

Andrew C. Simpson. Esq.
St. Croix, U.S.V.I.
     Attorney for Petitioner,

Treston E. Moore, Esq.
St. Thomas, U.S.V.I.
     Attorney for Intervenor.

Robert Bernholt, AAG
St. Croix, U.S.V.I.
     Attorney for Respondent,
     (*deceased*)

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 2

**Per Curiam.**

```
┌──────────────────────────────────────────────────────────────┐
│                     Memorandum Opinion                         │
└──────────────────────────────────────────────────────────────┘
```

## I. BACKGROUND

This appeal arises from the Board of Land Use Appeals'
issuance of a major coastal zone permit("permit") to Golden
Gaming Resorts, LLP ("Golden"). On September 5, 2003, Golden
filed its initial application for a major coastal zone permit
("application"),[1] with the Department of Planning and Natural
Resources ("DPNR"). Golden sought approval to develop certain
parcels of land to construct a resort, casino and convention
center on property in Estates Hartmann and Great Pond on St.
Croix. (App. I p. 54.) After the Commissioner of DPNR deemed
Golden's application complete, it was referred to the St. Croix
Committee on Coastal Zone Management ("Committee") to conduct a
public hearing, as required by the Virgin Islands Coastal Zone
Management Act ("VICZMA" or "Act"). (App. II p. 356.)[2]

The public hearing was held on January 8, 2004. There,
Golden's experts addressed areas of concern pertaining to their
respective disciplines. (App. II pp. 360-489.) The Virgin Islands

---

[1] In support of its application, Golden submitted an Environmental
Assessment Report("EAR") detailing the environmental impact of the development
and planned mitigation measures.

[2] V.I. Coastal Zone Management Authority is hereinafter referred to as
("CZMA" or "agency").

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 3

Conservation Society Inc.("VICS")participated in the hearing,
voiced its opposition to Golden's application and submitted
written comments to the Committee. (App. II p. 397.)

At the close of the hearing, the Committee Chairman informed
the hearing's participants that the public had until January 15,
2004 to submit written comments concerning the application. The
Committee required Golden to file responses to the public's
comments at least seven days in advance of the Committee's
decisional meeting.[3] (App. II p. 488.)

Unable to meet this deadline, Golden, by a January 20, 2004
letter, sought an extension until February 6, 2004 to file its
responses to public comments under the impression that a
decisional meeting was to follow during the first week of
February 2004. (App. II p. 561.) However, the Committee by a
February 6, 2004 letter, construed the extension request as a
waiver of the Committee's thirty-day statutory period to act on
Golden's application.[4] Golden, attempting to clarify its
position, wrote a February 9, 2004 letter to the Committee
stating that it did not intend to waive the Committee's statutory

_____

[3] A decisional meeting was tentatively scheduled for the first week of
February 2004 to comply with the statutory mandate that the Committee act on
an application within thirty days of the public hearing. (App. I p. 3.)

[4] Once the Committee conducts a public hearing on an application for a
major coastal zone permit, it must issue a decision within thirty days. 12
V.I.C. § 910(d)(4).

period, but only sought an extension of time to respond to public

comments. (App. II pp. 561-562, 594, 595.) On February 6, 2004,

Golden submitted its responses to public comments.[5] (App. II pp.

563-594.)

Subsequently, on May 26, 2004, over four months after the

public hearing, the Committee held its first decisional meeting.

(App. III pp. 627-629.) The Committee announced that

"unfortunately" a permit "had been granted" to Golden by default

due to its inability to form a quorum and act on the application.

(App. III p. 628.) Conditions on this permit were to be

developed, signed and approved within forty-five(45) days.[6] (App.

III p. 628-629.) However, no written decision, conditions, or

signature followed. Instead, on July 1, 2004, the Committee held

a second decisional meeting.(App. III pp. 632-683.)There, the

Committee by motions and unanimous vote, rescinded its May 26,

2004 permit by default and reduced its decision to writing by a

July 2, 2004 letter.(App. III p. 678, 683, 687.)

On July 30, 2004, Golden filed a timely appeal to the Board

of Land Use Appeals("BOLUA".) Therein, Golden sought to reverse

the Committee's July 2, 2004 recision and stay all matters

---

[5] Golden's request for an extension of time to respond to public comments was granted by the Committee. (App. III p. 632.)

[6] "Any action by the ... Committee ... shall become final after the forty-fifth day following a decision, unless an appeal is filed with the BOLUA within such time." 12 V.I.C. § 910(d)(5).

concerning the permit pending appeal. (App. III p. 843.) In

response to Golden's appeal, on August 2, 2004, the BOLUA issued

a Notice of Stay on the application proceedings. (App. III p.

846.)

Despite the stay, the Committee convened a third decisional

meeting, also on August 2, 2004. (App. III p. 688.) At that

meeting, the Committee by motion and unanimous vote required

Golden to supplement its application or face withdrawal by

default. (App. III pp. 722-723, 726.) This decision was reduced

to writing by letter dated August 3, 2004. (App. III pp. 846-

848.) In response, Golden filed its second appeal challenging the

decisional meeting convened while a stay was in place. (App. III

p. 849.) BOLUA consolidated both pending appeals and conducted a

hearing. (App. III pp. 729-764.) As a result, the BOLUA resolved

to issue Golden a permit and on December 15, 2004, convened to

identify terms and impose conditions on the permit.(App. I p. 9.)

On January 12, 2005, the BOLUA issued an opinion determining

that Golden was entitled to a permit by default.(App. I pp. 34-

44.) The BOLUA also concluded that the Committee acted

arbitrarily and capriciously by holding decisional meetings on

July 1, 2004 and August 2, 2004; because, when Golden's

application was approved by default, the Committee had no

statutory authority to reopen the proceedings. (App.I. pp. 43-

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 6

44.) The BOLUA concluded that those meetings were "null and void and without legal force and effect" (App. I p. 42-44.) Consequently, the BOLUA issued Golden a written permit designated as CZX-37-03L, with Golden acquiescing to the BOLUA's conditions on January 14, 2005. (App. I pp. 45-53.)

In response, the St. Croix Farmers in Action[7] and VICS challenged the BOLUA's decision by filing a timely petition to the Superior Court for Writ of Review.[8] The Superior Court granted the petition and affirmed the BOLUA's decision. (App. I pp. 5-21.) The Superior Court reasoned that when the Committee failed to act on the permit within 30 days of the public hearing, Golden was appropriately granted the permit by operation of the statute. The trial court further held that the Committee could not rescind the permit nor require Golden to supplement its application. (App. I p. 21.) However, the Superior Court refused to address certain dispositive issues because they were first raised by VICS on writ of review. (App. I p. 10.)On June 21, 2006, VICS filed a timely appeal of the Superior Court's decision with this Court.

---

[7] On January 4, 2006, the Superior Court granted St. Croix Farmers in Action's Motion to Dismiss itself as a party.(App. I pp. 28-32.)

[8] On January 4, 2006, the Superior Court denied Golden's Motion to Dismiss and held that VICS appropriately had standing as a person aggrieved. (App I p. 10.)

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 7

## II. Issues Presented

1)   Whether the Superior Court erred in concluding that the BOLUA appropriately exercised jurisdiction over Golden's appeals.

2)   Whether the Superior Court erred in affirming that Golden waived the statutory time period for the Committee to consider its application.

3)   Whether the Superior Court erred in affirming that there was substantial evidence to determine that Golden was entitled to a permit by default.

4)   Whether the Superior Court erred in refusing to address issues first raised on writ of review.

## III. JURISDICTION and STANDARD OF REVIEW

The authority and procedures to review applications to develop the Virgin Islands coastline rests in the Virgin Islands Coastal Zone Management Act of 1978[9] ("VICZMA"), 12 V.I.C. 901 *et. seq.* and its implementing regulations at V.I.R. & Regs. Title 12, Section 901 *et. seq.*

---

[9] The Virgin Islands Coastal Zone Management Act, 12 V.I.C. §§ 901-914, was enacted in order to harmonize the goals of environmental protection and economic development in the Virgin Islands. 12 V.I.C. §§ 903(b)(1)-(11). The Act was adopted, in part, to ensure the "orderly, balanced utilization and conservation of the resources of the coastal zone, taking into account the social and economic needs of the residents of the Virgin Islands[.]" *Id.* at § 903(b)(4); *see also West Indian Co. v. Government of the Virgin Islands*, 844 F.2d 1007, 1011 (3d Cir. 1987), cert. denied, 488 U.S. 802, 109 S. Ct. 31, 102 L. Ed. 2d 11 (1988). The Act vests the Virgin Islands Coastal Zone Management Commission ("Commission") with primary authority for implementing the Act through a process of granting permits which are required in order for a person to engage in new development in the coastal zone, 12 V.I.C. §§ 904 and 910. The act also vests the Virgin Islands Board of Land Use Appeals ("BOLUA") with authority to review decisions of the Commission. *See* 12 V.I.C. § 914; *Virgin Islands Conservation Soc'y v. Virgin Islands Bd. of Land Use Appeals*, 857 F. Supp. 1112, 1115 (D.V.I. 1994).

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 8

In discussing an applicable standard of review in this case, we are guided by three standards: the first to be applied by the BOLUA to the CZM Committee's actions and decisions, the second to be applied by the Superior Court to the BOLUA's decision, and the third to be applied by this Court to the Superior Court's decisions. *Envtl. Ass'n v. Board of Land Use Appeals*, 31 V.I. 9, 12 (V.I. Terr. Ct. 1994); *V.I. Conservation Society v. Board of Land Use Appeals*, 21 V.I. 516, 520 (D.V.I. 1985).

## A.   Jurisdiction and Standard of Review over the Superior Court's decision.

This Court exercises plenary review over questions of law arising from the Superior Court, including statutory interpretation and jurisdictional issues.[10] *Boarhead Corp. v. Erickson*, 923 F.2d 1011, 1016 (3d Cir. 1991); *Virgin Islands v. Warner*, 48 F.3d 688, 691(3d Cir. 1995); *see Parrott v. Government of the Virgin Islands*,56 F. Supp. 2d 593, 594 (D.V.I. App. Div. 1999). However, we afford the more deferential clear error review to factual determinations. *See Gov't of V.I. v. Albert*, 89 F.Supp.2d 658, 663 (D.V.I. App. Div. 2001).

---

[10] This Court may review the judgments and orders of the Superior Court in civil cases. *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp.2003), *reprinted in* v.I. Code Ann. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2003) (preceding V.I. Code Ann. tit. 1); Act 6687 § 4 (2004); Act 6730 § 54(2005)(amending Act 6687); 4 V.I.C. § 33(2006).

VICS v. Board of Land Use Appeals
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 9

**B.     Standard of review over the BOLUA's decision.**

In reviewing decisions of an administrative agency such as
the BOLUA, the Superior Court must "determine whether the BOLUA
correctly applied the appropriate standard." *V.I. Conservation
Soc'y. v. Board of Land Use Appeals*, 21 V.I. at 520. The Superior
Court must accordingly determine:

(1) Whether the agency acted within the limits of its statutory powers;

(2) Whether the agency applied the relevant law correctly;

(3) Whether the agency findings are supported by substantial
evidence on the record; [and]

(4) Whether the agency has abused its discretion by  acting in an
arbitrary or capricious manner. *Id.; see Perry v. Government
Employees Service Commission*, 18 V.I. 524, 527 (D.V.I. 1981);
*Branch v. Bryan*, 18 V.I. 54, 56 (D.V.I. 1980). The choice of
which standard to apply depends upon the nature of the claim of
error. *V.I. Conservation Soc'y. v. Board of Land Use Appeals*, 857
F.Supp. at 1117.

**C.     Standard of review over the Committee's decision.**

The standard of review applied by the BOLUA to CZM Committee
actions authorizes the BOLUA to review any decision or action of
the Committee in which the findings, inference, conclusions or
decisions are in any way:

(a) in violation of constitutional, Organic Act of 1954, or

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 10

statutory provisions;

(b) in excess of the statutory authority of the Commission,

Committee, or Commissioner;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) erroneous in view of the reliable, probative and substantial

evidence on the whole record; or

(f) arbitrary, capricious, or characterized by abuse of

discretion, or clearly unwarranted exercise of discretion. V.I.R.

& Regs. tit. 12, § 914-3; *V.I. Conservation Soc'y. v. Board of

Land Use Appeals*, 881 F.2d 28, 36 (3d Cir. 1989);*Envtl. Ass'n.*,

31 V.I. at 13. In making our determinations, we also review the

evidence before the CZM Committee. *Virgin Islands Conservation

Soc'y v. Board of Land Use Appeals*, 881 F.2d 28, 36 (3d Cir.

1989).

**IV. DISCUSSION**

**A.   The BOLUA appropriately exercised jurisdiction over
        Golden's appeals.**

The BOLUA derives its statutory authority to review

decisions of the Coastal Zone Management Committee from 12 V.I.C.

§ 914.[11] The BOLUA is authorized to review both, actions of the

_____

[11] The Commission is authorized, in the manner required by law, to
promulgate supplementary regulations pertaining to the issuance of a coastal
zone permit as it deems necessary. *See* 12 V.I.C. § 910(e).

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 11

Committee and any decision below. *See* 12 V.I.C. § 914 (d); 12
VIR&R § 914-3. A "decision below" is any decision of an
authority-below which is final and conclusive upon an applicant.
12 VIR&R §§ 914-2(e)-(f). While the statute, regulations and case
law are silent on the meaning of "final and conclusive", this
requirement is analogous to the requirement that a lower court
decision be final before appellate courts can hear a case.

A final judgment is one "which disposes of the whole
subject, gives all the relief that was contemplated, provides
with reasonable completeness for giving effect to the judgment
and leaves nothing to be done in the cause save to superintend,
ministerially, the execution of the decree." *Gov't of the V.I. v.
Miller Properties, Inc.* 222 F.Supp.2d 713, 715 (D.V.I. App. Div.
2002)(citing *Catlin v. United States*, 324 U.S. 229, 233 (1945);
*Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 998 F.2d
145, 150 (3d Cir. 1993); *see also Ortiz v. Dodge,* 126 F.3d
545,547-48 (3d Cir. 1997)("a final order is one that ends the
litigation on the merits and leaves nothing for the court to do
but execute the judgment").

We are reminded that "the requirement of finality is to be
given a practical rather than a technical construction," while
keeping in mind the need to further policies against piecemeal
appeals. *See Gillespie v. United States Steel*, 379 U.S. 148, 152

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 12

(1964); *Gov't of V.I. ex rel. Larsen v. Ruiz*, 146 F. Supp.2d 681, 684 (D.V.I. App. Div. 2000). VICS argues that the BOLUA did not have jurisdiction because Golden pre-maturely filed both its July 30, 2004 and its August 3, 2004 appeals to the BOLUA.

### 1. Golden's July 30, 2004 Appeal

On July 30, 2004, Golden appealed the Committee's rescission of the permit to the BOLUA. 12 V.I.C. § 914(d), confers jurisdiction on the BOLUA to review Committee action and states in pertinent part:

> [t]he BOLUA by majority of its authorized members, shall either affirm or reverse the Commissions or its appropriate Committee's or the Commissioner's *action* and shall either approve or deny an application for a coastal zone permit. 12 V.I.C. § 914(d)(emphasis added).

An action of the Committee is defined in Regulation section 902-2 of the Virgin Islands Costal Zone Management Authority's Regulations. This section provides that:

> An "action" is a vote by quorum or Committee members or Commission members upon a motion, proposal, resolution, or order, whether or not resulting in a collective decision by a majority of those voting members present. 12 VIR&R § 902-2.

In pertinent part, the Committee's July 2, 2004 recision reads:

> The St. Croix Committee of the Virgin Islands Coastal Zone Management Commission herein informs you of its action, via unanimous vote to rescind

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 13

> the permit by default granted to your client,
> Golden Resorts, LLP, at the May 26, Decision
> Meeting for Major Coastal Zone Permit Application
> No. CZX-37-03L. (App. III p. 687.)

VICS argues that the Committee's July 1, 2004 actions were interim and insufficient to substantiate an appeal to the BOLUA. We find this argument unpersuasive. By motion and unanimous vote, the Committee decided to rescind the permit by default. The BOLUA clearly may exercise jurisdiction over Committee actions of this type. *See* 12 V.I.C. § 914(d). Moreover, by the Committee's July 2, 2004 letter, that action was memorialized and Golden's application was not approved by the Committee.[12] Accordingly, we affirm the Superior Court's conclusion that the BOLUA appropriately exercised jurisdiction over Golden's July 30, 2004 appeal.

## 2. Golden's August 3, 2004 Appeal

On August 3, 2004, Golden appealed the Committee's decision to conduct a decisional meeting, while a stay was in place. VICS argues that the BOLUA inappropriately exercised jurisdiction, because the Committee rendered no final decision where it only required Golden to supplement its application.

---

[12] The CZM Act provides that, "[a] copy of the decision of the appropriate Committee of the Commission or the Commissioner whichever is applicable, on an application for a coastal zone permit shall be transmitted in writing." 12 V.I.C. § 910(d)(4).

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 14

We disagree. Here, the BOLUA exercised its jurisdiction over the Committee's action in excess of its statutory authority. *See* 12 V.I.C. § 914 (d); 12 VIR&R § 902-2; 12 VIR&R § 914-3(b).[13] When the BOLUA issued its stay, all CZM proceedings relevant to the pending application should have stopped.[14] The Committee had no authority to hold a subsequent decisional meeting, violate the BOLUA's stay, or otherwise take action on the pending application.

However, on August 2, 2004, despite the stay, the Committee resolved to conduct yet another meeting in its litany of decisional ventures. There, the Committee by motions and unanimous vote, acted in excess of it's statutory authority, by requiring Golden to supplement its application. Accordingly, we also affirm the Superior Court's conclusion that the BOLUA appropriately exercised jurisdiction over Golden's August 3, 2004 appeal.

B.   **Golden did not waive the statutory time period for the Committee to consider its application.**

The public hearing occurred on January 8, 2004. The Committee was therefore, statutorily required to reach a

---

[13] Under CZM Regulation 914-3, the Board is authorized to review actions of the Committee that are in "excess of the statutory authority of the Commission, Committee or Committee or Commissioner." 12 VIR&R § 914-3(b).

[14] 12 V.I.C. § 910(d)(5) provides in pertinent part that, "If such an appeal is filed, the operation and effect of the Committee's or the Commissioner's action shall be stayed pending a decision on appeal." *Id.*

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 15

decision within 30-days, or approve Golden's application,

unless Golden expressly requested a waiver in writing. *See*

12 VIC § 910(d)(4);12 VIR&R § 910-7(d).

   While VICS contends that Golden waived the time period,

the correspondence between Golden and the Committee yields

the lucid conclusion that Golden did not.[15] Rather, Golden's

January 20, 2004, letter unambiguously sought an extension

of time to respond to public comments. Thereafter, Golden's

February 9, 2004 correspondence clarified its position that

its previous letter was a request for extension of time, not

a waiver. (App. II pp. 561, 594.) Accordingly, we affirm the

Superior Court's decision that Golden did not waive the

statutory time period.

   C.   **The Superior Court's decision that Golden was
        entitled to a permit by default was supported by
        substantial evidence.**

   The BOLUA concluded and the Superior Court affirmed

that substantial evidence existed to conclude that Golden

was entitled to a permit by operation of law. Substantial

evidence has been defined as "such relevant evidence as a

---

[15] The Superior Court noted, *in dicta*, that CZM's promulgation of a permissible waiver and extension as provided by 12 VIR&R § 910-7(d) is in "contravention and derogation of the statutorily imposed time limits and the grant of the permit by operation of law." (App. I p. 19.) While we will not endorse the Superior Court's position that 12 VIR&R § 910-7(d) was improperly promulgated, under these facts, Golden did not waive his statutory right to a CZM Committee decision within thirty days of the public hearing.

reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

(1971); *V.I. Cons'y. Society v. Board of Land Use Appeals*

1985 U.S. Dist. LEXIS 12142 (D.V.I. 1985).

The regulatory framework, as codified, follows a

demanding schedule for the review of applications for major

coastal zone permits. The application process begins with

the Commissioner of DPNR. After the Commissioner of DPNR

preliminarily reviews an application for completeness,

relevant entities are notified and the application is

referred to a local Committee for a public hearing. 12

V.I.C. §§ 910(d)(1)-(3). Once the Committee conducts the

public hearing, it must issue a decision within thirty days

of the hearing. *See* 12 V.I.C. § 910(d)(4). "*If the Committee*

*fails to take action* upon a major coastal zone permit

application within thirty days after the conclusion of the

public hearing", that failure "shall constitute an action

taken and shall be deemed an *approval* of any such

application." *Id.* (emphasis added).

The facts and the CZMA's procedural rules, as written,

mandate our affirmation of the Superior Court's decision. It

is uncontroverted in this litigation that the Committee

failed to act on Golden's application within thirty days of

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 17

the hearing. It is unescapable that the Committee failed to

reduce its decision to writing or approve the application.

Finally, the statute's requirements are self-evident; when

the Committee fails to act on an application within thirty

days of the public hearing, the pending application must be

approved.[16] Accordingly, although the CZMA's regulations

expressly mandate application approval and not permit

issuance;[17] where permit issuance logically and procedurally

follows a CZM application's approval, we cannot hold that

the Superior Court erred in determining that there was

substantial evidence to conclude that Golden was entitled to

a permit by default.

> **D.    Whether the Superior Court erred in refusing
> to address issues first raised on writ of
> review.[18]**

---

[16] A general reading of the CZM Act discloses a legislative intent that permit conditions be reasonable and decisions regarding the granting of permits be made timely. *Water Island Hotel & Beach Club, Ltd. v. Government of Virgin Islands*, 764 F. Supp. 1051, 1053 (D.V.I. 1991).

[17] *See* 12 V.I.C. § 910(d)(4)

[18] VICS argued for the first time on writ of review that 1) The CZM application submitted by Golden was sufficient. Within this argument, VICS enumerates three scenarios where, it argues, that portions of the property Golden seeks to develop does not meet current zoning restrictions. Also within this argument, VICS challenges whether Golden's Environmental Assessment Report met the legal requirements of the CZM Act. In support thereof, VICS argues, *inter alia*, that: a) Golden failed to meet public parking requirements of the V.I. Code; b) Golden failed to consider the overall impact of the development and; c)Golden failed to provide sufficient data regarding efforts to mitigate the environmental impact of the proposed development. (Petition pp. 4-10.) 2) VICS also argues that the permitting process was procedurally flawed. Therein, VICS argues that Golden was allowed to supplement its application and that the supplemental information both evaded public comment

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 18

The Committee's failure to follow its regulations acquaints us with the same procedural paradox presented to the Superior Court. On one hand, the Committee should have approved Golden's permit by operation of law. However, on the other, its failure to do so resulted in an agency record devoid of critical findings of fact and conclusions of law. Hence, where this agency has ostensibly failed to discharge its duties, our affirmation of the permit's issuance would be improper. *See V.I. Conservation Soc'y.*, 857 F.Supp. at 1120(holding that a reviewing court's role is to determine whether the agency has correctly discharged its duties).[19]

In response to this dilemma, the Superior Court refused to address certain dispositive issues raised by VICS, because, they were not raised before the BOLUA. (App. I p. 10.) As such, the Superior Court summarily rejected those issues challenging the permit's issuance as procedurally barred. However, we are of the opinion that the Superior Court erred in this regard.

_____

and review and was filed outside of the comments period. (Petition pp. 11-12.) 3) VICS contends that the BOLUA overstepped its authority by issuing a permit that divested the Committee of its authority to implement the provisions of the CZM Act. (Petition pp. 12-15.) 4) VICS also argues that the permit contains conditions that are too vague to implement.(Petition pp. 15-17.)For the purposes of brevity, hereinafter, the aforementioned issues will be referred to collectively as "issues".

[19] *V.I. Conservation Soc'y.*, 857 F.Supp. at 1120 (holding that an agency must see to it that the record is complete [and] has an affirmative duty to inquire into and consider all relevant facts).

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 19

It is well established that administrative appeal rights must be exhausted before seeking judicial relief where the grievance is based on the grant or denial of a coastal zone permit. *La Vallee Northside Civic Assoc. v. Virgin Islands Coastal Zone Management Com.*, 866 F.2d 616, 619-621(3d Cir. 1989); *Save Long Bay Coalition, Inc. v. V.I. Bd. of Land Use Appeals*, 45 V.I. 312, 318 (V.I. Terr. Ct. 2003). However, where the BOLUA acts as the permit issuer, the CZMA's governing rules do not provide any administrative appeal rights to exhaust, prior to filing a petition for writ of review to the Superior Court. *See* 12 V.I.C. § 913(d). It therefore follows that, under these circumstances, issues first raised on petition for writ of review are generally not procedurally barred.

Hence, where the BOLUA, rather than the CZMA Committee issues a permit by default; a person aggrieved by the permit's issuance may properly raise issues challenging the permit directly to the Superior Court on petition for writ of review. To determine otherwise, threatens to fatally dilute an aggrieved person's petition for writ of review and validates the agency's passive avoidance of its statutory

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 20

obligations with the Superior Court's silent imprimatur.[20]

Two determinations guide our conclusions through this matter's procedural impasse. First, VICS' right to appeal ripened only when the BOLUA issued the permit. Second, the incomplete agency record eviscerates our effective review of the contested issues at this juncture.[21]  Thus, remand is appropriate for us ensure the proper discharge of the agency's duty and the procedural integrity of our judicial review.

### 1.   VICS' right to appeal ripened when the BOLUA issued the permit.

With respect to a person aggrieved by the issuance of a CZM permit, permit issuance is the event that marks the time allowed for taking an administrative appeal.[22] *See* 12 VIR&R § 914-5; *see also La Vallee Northside Civic Assoc.*, 866 F.2d at 618; *Illingworth,* 27 V.I. at 172-173(holding that an appeal from the issuance of a CZM permit does not lie until

---

[20] Whether the Superior Court may substantively address the issues raised, is of course, heavily contingent on the completeness of the record below and the nature of the issues raised.

[21] We cannot and should not attempt to substitute our judgment for that of the agency. *V.I. Conservation Soc'y.*, 857 F.Supp. at 1120. Our role as a reviewing court, is to determine whether the agency has correctly discharge its duties. *Id.*

[22] Otherwise, "to allow a preliminary vote on an application to be appealable would increase delay, impede the administrative process, and risk an [sic] invocation of res judicata." *Id.*

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 21

the permit is issued in writing). Any appeal challenging a permit before it issues, is not only premature, but contrary to common sense and *stare decisis*.[23] We are reminded that "the VICZMA's procedural rules are not technical traps for parties, forcing them into filing premature, precautionary appeals to head off some slight doubt as to the propriety of the decision making." *La Vallee Northside Civic Assoc.*, 866 F.2d at 624.

On January 12, 2005, BOLUA issued Golden a written permit designated as CZX-37-03L. Prior to the BOLUA's issuance of the permit, the Committee held three decisional meetings concerning Golden's application. However, VICS could not properly appeal the result of any of those decisions.

The Committee's first meeting occurred on May 26, 2004. If a written permit flowed from this meeting, an appeal by VICS may have been appropriate.[24] However, VICS'

---

[23] Our determination to treat the permit issuance as the final decision appealable to the Board is supported by authority in zoning board appeals from a number of states. *La Vallee Northside Civic Assoc.*, 866 F.2d at 624; *see, e.g.*, *Trenkamp v. Burlington Township*, 170 N.J. Super. 251, 406 A.2d 218, 222-23 (Law Div. 1979); *Gilbert v. Zoning Hearing Bd.*, 34 Pa. Commw. 299, 383 A.2d 556, 558 (1978); *Hardy v. Zoning Bd. of Review*, 113 R.I. 375, 321 A.2d 289, 291 (1974); *MacGregor v. Zoning Bd. of Review*, 94 R.I. 362, 180 A.2d 811, 814 (1962); *Nolfi v. Zoning Bd. of Review*, 91 R.I. 444, 164 A.2d 695, 696 (1960). *But cf. Nantucket Land Council, Inc. v. Planning Bd.*, 5 Mass. App. 206, 361 N.E.2d 937, 943 (1977).

[24] *See* 12 V.I.C. § 913(d).

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 22

opportunity to appeal was extinguished when at the
Committee's July 2, 2004 meeting, it rescinded its verbal
grant of the permit. The Committee's third meeting occurred
on August 2, 2004, while a stay was in place. However, this
third and final meeting, like the second, was not adverse to
VICS' interests and again, no permit issued. Therefore, in
this jagged, time-line of inappropriate Committee dormancy
and juxtaposed *ultra vires* Committee hyper-activity; VICS'
first opportunity to appeal occurred on January 12, 2005
when the BOLUA definitively issued Golden a written major
coastal permit designated as CZX-37-03L.[25]

Once the permit issued, VICS had the statutory green
light to pursue an appeal of the BOLUA's decision through a
petition for writ of review to the Superior Court.

> A petition for writ of review may be filed in the
> [Superior] Court of the Virgin Islands in the case
> of any person aggrieved by the granting or denial
> of an application for a coastal zone permit within
> forty-five days after such decision or order has
> become final provided that such administrative
> remedies as are provided by this chapter have been
> exhausted. 12 V.I.C. § 913(d); *Illingworth v. V.I.*

---

[25] Our determination to treat the permit issuance as the final decision
appealable to the Board is supported by authority in zoning board appeals from
a number of states. *See, e.g., Trenkamp v. Burlington Township*, 170 N.J.
Super. 251, 406 A.2d 218, 222-23 (Law Div. 1979); *Gilbert v. Zoning Hearing
Bd.*, 34 Pa. Commw. 299, 383 A.2d 556, 558 (1978); *Hardy v. Zoning Bd. of
Review*, 113 R.I. 375, 321 A.2d 289, 291 (1974); *MacGregor v. Zoning Bd. of
Review*, 94 R.I. 362, 180 A.2d 811, 814 (1962); *Nolfi v. Zoning Bd. of Review*,
91 R.I. 444, 164 A.2d 695, 696 (1960). *But cf. Nantucket Land Council, Inc. v.
Planning Bd.*, 5 Mass. App. 206, 361 N.E.2d 937, 943 (1977).

VICS v. Board of Land Use Appeals
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 23

> Board of Land Use Appeals, 27 V.I. 165 (D.V.I.
> 1991).

Golden was issued the permit on January 12, 2005. VICS filed its Petition for Writ of Review on February 11, 2005, solidly within the 45 day limitations period. Therein, VICS appropriately raised issues challenging the BOLUA's issuance of the permit. However, we cannot address those issues at this juncture because the record below is incomplete.

## 2.   We may decide the appeal only on the record of proceedings below.

One of the most significant aspects of any administrative agency's decision are the findings of facts. *Envtl. Ass'n v. V.I. Bd. of Land Use Appeals*, 31 V.I. 9, 12-16 (V.I. Terr. Ct. 1994). The findings of fact should be sufficient in content to apprise the parties and the reviewing court of the factual basis for the action taken so that the parties and the reviewing tribunal may determine whether the decision has support in evidence and in law. *Envtl. Ass'n v. Board of Land Use Appeals*, 31 V.I. 9, 12-16 (V.I. Terr. Ct. 1994). The fact finding role of the administrative body is so critical to appellate review, that the records of the administrative hearings below are binding on the court, and the court's review is limited to those factual determination, if the determination is based upon such relevant records. *Envtl. Ass'n*, 31 V.I. at 11.

VICS v. Board of Land Use Appeals
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 24

VICS argued first through writ of review, and now on appeal

that Golden failed to provide sufficient information concerning

the environmental impact of the project; that Golden's

Environmental Assessment Report ("EAR")[26] and application were

insufficient and that Golden's response to public comments were

de facto amendments to the application.[27] Additionally, VICS

challenges the conditions of the permit issued by the BOLUA.

Although we conclude that VICS did not waive its right to raise

these issues below, without a complete administrative record, our

review is improper.

"Judicial review of administrative decisions is possible

only where administrative decisions are based on substantial

evidence and reasoned findings." Envtl. Ass'n, 31 V.I. at 12-16

---

[26] An "Environmental Assessment Report" is an informational report
prepared by the permittee available to public agencies and the public in
general which is considered by the Commission prior to its approval or
disapproval of an application for a major coastal zone permit. The report
includes detailed information about the existing environment in the area of a
proposed development, and about the affects which a proposed development is
likely to have on the environment; an analysis and description of ways in
which the significant adverse effects of such development might be mitigated
and minimized; and an identification and analysis of reasonable alternatives
to such development. See 12 V.I.C. § 902(o); V.I. Conservation Soc'y v. V.I
Bd. of Land Use Appeals, 857 F. Supp. 1112 (D.V.I. 1994).

[27] Pursuant to 12 VIR&R § 910-4(b,)any amendment to the application
causes the entire precessing schedule set forth in 12 V.I.C. § 910(d) to
recommence. See 12 V.I.R&R § 910-4(b). At the July 1, 2004 meeting, the
Committee concluded that Golden's March 22, 2004 submission of a warranty
deed, for the parcels in question, reset the timing requirements for its
consideration of the application. (App. I p. 8; App. III p. 642.) However, the
Committee's reasoning was never reduced to writing, and on appeal, the BOLUA
nor the Superior Court ruled on this issue predicated on the substance of
Golden's submissions. Moreover, the Board's July 1, 2004 meeting was
appropriately nullified by the BOLUA.

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 25

(citing *Interstate Commerce Commission vs. Aberdeen and Rockfish R.Co. et al.*, 393 U.S. 1124, 89 S. Ct. 280 (1968). "Substantial evidence can only exist on a complete record." *V.I. Cons'y. Society*, 857 F. Supp. at 1123. Here, where VICS' first opportunity to challenge the permit occurred on writ of review, the administrative record below is naturally incomplete. It is almost axiomatic to conclude that VICS' challenge to the EAR, and the terms and conditions of the permit require the CZM agency's factual determinations. As a consequence of the absence of factual findings regarding these issues, we cannot review whether the terms and conditions of the permit were proper, nor can we determine whether Golden's application was sufficient. Thus, at this juncture, our complete review of the issues raised by VICS is obstructed by gaps in the administrative record.

We find it important to note that neither litigants nor the Coastal Zone Management Authority may properly assume that a permit by default absolves the agency of its statutory obligations of factual review and investigation. "The Committee must acquire all information reasonably necessary before making the delicate judgment[s] required by the VICZMA." *Id*. at 1121. In short, despite the issuance of a permit by default, the agency has an affirmative duty to inquire into and consider all relevant facts and must see to it that the record is complete. *See Id*. at

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 26

1120. This role is the very life-blood of the Committee and is paramount to its fulfillment of the VICZMA's goals. *See V.I. Conservation Society*, 857 F. Supp at 1121 (holding that adequate review and investigation of permit applications serves as the lynchpin of the VICZMA). Thus, in light of properly raised challenges to the permit and the disquieting absence of thorough Committee inquiry, our affirmation of the permit's issuance would undermine the agency's seminal duty[28] of balancing the competing interests of economic development and environmental preservation.[29]

However, this Committee's failure to conduct its statutorily required inquiry and develop an adequate agency record does not rest upon the Committee alone. The VICZMA and its implementing regulations clearly mandate the approval of an application when the Committee fails to act on an application within thirty days of the public hearing.[30] However, where the Committee fails to comply and the BOLUA issues a permit, the rules which safeguard the proper discharge of the Committee's fact-finding and

---

[28] Our role as a reviewing court, is to determine whether the agency has correctly discharge its duties. *V.I. Conservation Soc'y.*, 857 F.Supp. at 1120.

[29] The VICZMA calls for both the protection of environmental coastline and the promotion of the economic development and growth of the coastline. *See* 12 V.I.C. § 903(b); *see also V.I. Conservation Society*, 857 F. Supp. at 1118.

[30] *See* 12 V.I.C. § 910(d)(4).

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 27

investigatory duties are insufficient at best.[31] If the drawn-out

appellate proceedings in this case demonstrate nothing else, it

is the urgency for a clarification of the Coastal Zone Management

Act by the Virgin Islands Legislature. *See LaValle Northside*

*Civic Ass'n.*, 866 F.2d at 624-625. We join courts before us in

"recommending appropriate modifications to the VICZMA so that

neither individual litigants nor government agencies are left to

flounder in the sea of uncertainties generated by the statute's

imprecision." *Id*.

## 3. Remand is appropriate.

"Ensuring procedural integrity serves as the touchstone of

judicial review of agency actions." *Id*. Consequently, while the

Superior Court was correct in refusing to address factual issues

first raised on writ of review, it should have remanded the

matter for further factual consideration. These factual

considerations, must of course, occur at the Committee level.[32]

---

[31] The 12 V.I.C. § 910(a)(2) states that: "A permit shall be granted
for a development if the appropriate Committee... finds that (A) the
development is consistent with the basic goals, policies and standards
provided in sections 903 and 906 of this chapter; and (B) the developed as
finally proposed incorporates to the maximum extent feasible mitigation
measures to substantially lessen or eliminate any and all adverse
environmental impacts of the development; otherwise the permit application
shall be denied." *Id*.

[32] The BOLUA may decide an appeal only on the record before the CZM
Committee. *See* 12 VIR&R § 914-11.

*VICS v. Board of Land Use Appeals*
D.C.Civ.App. No. 2006/089
Memorandum Opinion
Page 28

*See Virgin Islands Conservation Soc'y*, 857 F. Supp. at 1112; *see also Caribbank Fin. Group v. St. Croixcoastal Zone Mgmt. Comm.*, 1997 U.S. Dist. LEXIS 5004 (D.V.I. 1997)(remanding to CZMA Committee for further factual consideration). Accordingly, we shall remand this matter to the Superior Court with instructions to remand this matter to the appropriate CZMA Commitee. *See Virgin Islands Conservation Soc'y*, 857 F. Supp. at 1112(remanding for further de novo CZM Committee consideration).

## V. CONCLUSION

For the reasons cited above, we affirm the Superior Court's decision that the BOLUA appropriately exercised jurisdiction over Golden's appeals. We also affirm the Superior Court's decision that Golden did not waive or extend the statutory time period for the Committee's consideration of its major coastal zone permit application. We cannot find that the Superior Court erred in concluding that substantial evidence existed that Golden was entitled to a default permit by operation of law.

Regarding the remaining relevant issues raised by VICS on writ of review, we shall remand this matter to the Superior Court, with instructions to remand this matter to the appropriate CZMA Committee for further factual consideration. An order not inconsistent with this opinion shall follow.